**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| ANTHONY RAY CORTEZ, § | |
| Plaintiff, § | |
| V. § | |
| § | |
| COMMISSIONER OF SOCIAL § | A-23-CV-1277-ML |
| SECURITY, § | |
| Defendant. § | |

## ORDER

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Acting Commissioner of the Social Security Administration, in their official capacity ("the Commissioner"), denying disability benefits to Plaintiff. Before the court are Plaintiff's Complaint (Dkt. 4); Plaintiff's Opening Brief (Dkt. 12); Defendant's Brief in Support of the Commissioner's Decision (Dkt. 16); Plaintiff's Reply Brief (Dkt. 17); and the Record of the Social Security administrative hearing in this matter (Dkt. 8), cited as Tr __.

Both parties have waived the right to proceed before a District Judge and have consented, pursuant to 28 U.S.C. § 636(c), to have all proceedings in the case, including the entry of final judgment, conducted by the Magistrate Judge. Dkts. 6, 9, 11. Having considered the briefing, the record below, and the case file as a whole, the Magistrate Judge now enters the following Opinion and Order.

### I. PROCEDURAL HISTORY

On June 10, 2021, Anthony Ray Cortez filed applications for Title II Social Security Disability benefits and Title XVI Supplemental Security Income benefits. Tr 252-62. Cortez's Title XVI claim was initially denied on June 29, 2021 (T 138) while his Title II claim was initially denied on December 3, 2021. Tr 155-56. On September 9, 2022, both claims were

denied again, upon reconsideration. Tr 147, 150. A telephonic hearing was held before Administrative Law Judge Gordan Momcilovic ("the ALJ") on May 31, 2023, attended by Cortez, his non-attorney representative, and a vocational expert ("VE"). Tr 21, 81-111. Following the hearing, the ALJ issued an unfavorable decision, dated June 23, 2023. Tr 18-30.

Cortez appealed. The Appeals Council denied his request for review of the ALJ's decision on April 16, 2024, thereby making the ALJ's decision the Commissioner's final administrative decision. Tr 1. Cortez filed this action seeking judicial review of the ALJ's decision. Dkt. 1.

## II. APPLICABLE LAW

### A. Standard of Review

Judicial review of the ALJ's decision is limited. Specifically, the district court reviews: (1) whether the decision was supported by substantial evidence; and (2) if so, whether the Commissioner applied the proper legal standard. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Copeland*, 771 F.3d at 923; *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). As a result, the court "cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because

substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). If the Commissioner applied the proper legal standards and her findings are supported by substantial evidence, they are conclusive and must be affirmed. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**B.     Evaluation Process and Burden of Proof**

Disability is defined as the "inability to engage in substantial gainful activity by reasons of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment or combination of impairments prevents the claimant from performing past relevant work; and (5) whether the impairment or combination of impairments prevents the claimant from doing any other work. 20 C.F.R. § 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett*, 67 F.3d at 565. Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of

performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).  The Commissioner may meet this burden by the use of opinion testimony of vocational experts or by use of administrative guidelines in the form of regulations.  *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982).  If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Id.*

### III.    THE ALJ'S DECISION

In the written decision, the ALJ determined as a threshold matter that Cortez met the insured status requirements of the Social Security Act through December 31, 2026.  Tr 24.  The ALJ then engaged in the standard five-step sequential process, finding at step one that Cortez had not engaged in substantial gainful activity since March 28, 2021, the alleged onset date. Tr 24.

At step two, the ALJ found Cortez has the following severe impairments: degenerative disc disease and cerebrovascular incident. Tr 24. The ALJ also found Cortez has the nonsevere impairments of hypertension, hyperlipidemia, tobacco use disorder, and obesity. Tr 24.

At step three, the ALJ determined Cortez does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, and 404.1526). Tr 25.

Before reaching step four, the ALJ determined that Cortez retains the residual functional capacity ("RFC")[1] to perform:

---

[1] RFC is defined as the most an individual can still do despite their limitations. 20 C.F.R. § 404.1545. The responsibility to determine a claimant's RFC belongs to the ALJ. *Id.* § 404.1546; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite their physical and mental limitations. 20 C.F.R. § 404.1545. The ALJ must consider the limiting effects of the claimant's impairments, even those that are nonsevere, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545. The relative weight to be given to the evidence, however, is within the ALJ's

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can never climb ladders, ropes, or scaffolds and can perform all other postural tasks occasionally.

Tr 25. Specifically, the ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. Tr 25. In making this RFC assessment, the ALJ determined that Cortez's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr 26.

Continuing on to step four of the sequential evaluation process, the ALJ found Cortez was capable of performing his past relevant work, which did not require the performance of work-related activities precluded by his RFC. Tr 29. Accordingly, the ALJ found Cortez had not been under a disability from March 28, 2021 through the date of the decision. Tr 29.

Cortez now appeals from the ALJ's determination that he is not disabled.

### IV.    ANALYSIS

#### A.    Issue Presented

Cortez presents one issue for review:

1. Whether the ALJ committed harmful legal error by failing to articulate any basis for excluding the opined four-hour standing/walking limitation from Cortez's RFC.

#### B.    Discussion

Cortez argues the ALJ did not adequately explain why he did not adopt one of the limitations proposed by Dr. Michael Johnson, an internal medicine doctor. Dr. Johnson began treating Cortez in October 2022. Tr 680. On March 31, 2023, he filled out a Medical Opinion form, stating he had treated Cortez for hypertension, hyperlipidemia, and left hemiparesis. Tr

---

discretion. *See Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001) (citing *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988)).

680. Dr. Johnson opined Cortez could occasionally lift/carry 20 pounds and could never carry more than 50 pounds. Tr 681. He stated Cortez experiences pain in his left leg. Tr 681. He stated Cortez had "4/5 strength in (L) lower extremity [and] pain on internal + external rotation (L) hip." Tr 681. He opined that Cortez could sit for 8 hours of an 8-hour workday. He further opined that Cortez could stand/walk for 4 hours of 8-hour work day and would require the option to sit/stand at will. Tr 681. He also opined Cortez could not use controls involving his left foot due to decreased strength and sensation in his left leg. Tr 682. Dr. Johnson stated Cortez could frequently balance, stoop, kneel, crouch, and crawl, but he could never rotate his head and/or neck. Tr 682. Finally, he stated Cortez could never be expected to manage exposure to dust/odors/fumes/pulmonary irritants, extreme cold, or extreme heat; and he could never operate a vehicle. Tr 683.

      In addressing Dr. Johnson's opinion, the ALJ stated:

> The undersigned finds that this opinion is partially persuasive. The opinion was supported by findings of decreased strength and sensation in the left leg; however, the medical evidence submitted at the hearing does not include any objective findings to support the assertion that the claimant can never perform foot controls, requires the opportunity to stand/sit at will, or would miss work one day per month. Additionally, the opinion is not consistent with the claimant's subjective allegations of only mild generalized left sided weakness (Exhibit 18F, p. 6).

Tr 28.

      The ALJ must "articulate in [the] decision how persuasive [he] finds all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." 20 C.F.R. § 404.1520c(b). The ALJ also must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id*. § 404.1520c(b)(2). "Supportability" means that a medical source's opinion is "more persuasive" when it is supported by relevant objective medical evidence and explanations

presented by the same medical source. *Chavarria v. Kijakazi*, No. 22-CV-00407, 2023 WL 3984857, at *2 (W.D. Tex. June 13, 2023) (citing 20 C.F.R. § 404.1520c(c)), R. & R. adopted, 2023 WL 4237594 (W.D. Tex. June 28, 2023). "Consistency" means that a medical opinion is "more persuasive" when it coincides "with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)). In other words, "supportability looks internally to the bases presented by the medical opinion itself," while "consistency is an external inquiry that juxtaposes a medical opinion to other evidence in the record, including opinions of other medical professionals." *Id.* (quoting *Sharon H. v. Kijakazi*, No. 5:21-CV-167-H, 2022 WL 3951488, at *3 (N.D. Tex. Aug. 31, 2022)). The ALJ may, but need not, explain how he considered the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

The ALJ's explanation of persuasiveness must "enable the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence" and must not "require the court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Probst v. Kijakazi*, No. EP-22-CV-00286-RFC, 2023 WL 3237435, at *4 (W.D. Tex. May 3, 2023) (quoting *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021)). Courts have held that this requires the ALJ to articulate "a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Id.* (citation omitted); *Chavarria*, 2023 WL 3984857, at *3; *Ramirez v. Saul*, No. SA-20-CV-00457-ESC, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021).

Cortez argues that although the ALJ rejected other portions of the opinion as unsupported and inconsistent with objective findings and subjective allegations, the ALJ expressed no disagreement with the limitation of 4-hours standing/walking per eight-hour workday. *See* Tr 28. Cortez argues that, therefore, there can be no meaningful review of the ALJ's decision to omit

7

the 4-hour standing/walking limitation. Cortez also contends the error was not harmless because the VE testified that Cortez's past relevant work could not be performed with this limitation in place. *See* Tr 105-06.

The ALJ adequately addressed Dr. Johnson's opinion. The ALJ recognized that Dr. Johnson opined Cortez could only stand/walk 4 hours in a day and required the option to sit/stand at-will. Tr 28. Although the ALJ listed these opinions separately, on the form Dr. Johnson filled out they are both part of the same question. Tr 681. The ALJ stated he found Dr. Johnson's opinion partially persuasive. Although the ALJ did not specifically explain his rejection of the Dr. Johnson's stand/walk limitation as he did with other limitations, the ALJ found that the opinion as a whole "is not consistent with the claimant's subjective allegations of only mild generalized left sided weakness." Tr 28 (citing Tr 689).

Tellingly, Cortez does not point the court to any other medical opinion that he could not stand/walk for an entire work day or to any medical evidence that would support this limitation. The burden rested on Cortez to demonstrate his standing/walking limitation, and he did not persuade the ALJ. It is not this court's role to reweigh the evidence, but if it were, the evidence far supports the ALJ's determination. As it is, more than a scintilla of evidence supports the ALJ's decision.

V.     CONCLUSION

The task of weighing evidence is the province of the ALJ. *Chambliss*, 269 F.3d at 523. The task of the court is merely to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision. *Id.* (citing *Greenspan*, 38 F.3d at 240). As substantial evidence supports the ALJ's decision in this case, it must be affirmed. Therefore, it is

**ORDERED** that the Commissioner's decision in the above-styled cause is **AFFIRMED** in all aspects.

SIGNED February 25, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE